```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
BRYAN AARON OSBORNE,          :
                              :   Civ. No. 20-20561 (NLH)
          PETITIONER,         :
     v.                       :   MEMORANDUM OPINION & ORDER
                              :
                              :
DAVID E. ORTIZ,               :
                              :
          RESPONDENT.         :
_____:
```

APPEARANCE:

Bryan Aaron Osborne
51896-424
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner pro se

HILLMAN, District Judge

    WHEREAS, Petitioner Bryan Aaron Osborne filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, see ECF No. 1; and

    WHEREAS, Petitioner argues that the conditions of confinement at FCI Fort Dix violate the Eighth Amendment because his medical conditions and other risk factors make him extremely susceptible to COVID-19, id. at 12-13; and

    WHEREAS, Petitioner argues the Bureau of Prisons wrongfully denied his motion for compassionate release under 18 U.S.C. § 3582, id.; and

WHEREAS, Petitioner also argues that as a Moor, he cannot be tried in "Christian courts" and must be released after one year of imprisonment, id. at 14; see also ECF No. 4; and

WHEREAS, Petitioner argues that his transfer from FCI Elkton to FCI Fort Dix was done without his consent and in violation of the United Nations Declaration on the Rights of Indigenous Peoples, ECF No. 1 at 15; ECF No. 4; and

WHEREAS, Petitioner alleges the COVID-19 vaccine is untested, ineffective against new strains of COVID-19, and presently unavailable to prisoners, ECF No. 1 at 16; and

WHEREAS, Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, requires the Court to dismiss any claims that clearly would not entitle Petitioner to relief; and

WHEREAS, the Court lacks jurisdiction over Petitioner's arguments that the Bureau of Prisons wrongfully denied his motion for compassionate release under 18 U.S.C. § 3582. Motions for compassionate release must be filed in the sentencing court; Petitioner was not sentenced in the District of New Jersey; and

WHEREAS, Petitioner's claims based on the Treaty of Peace and Friendship are frivolous. "As its title indicates, the treaty is one of 'Peace and Friendship' between the sovereign states of Morocco and the United States, and it provides that

subjects or citizens of each country will be held safe by the other, as well as a protocol for any confrontations that might arise between the two countries while at sea, during trade or battle.  It does not contain any language suggesting that the United States, or any state or territory therein, does not have jurisdiction over a person violating the law within its jurisdiction."  Pitt-Bey v. D.C., 942 A.2d 1132, 1136 (D.C. 2008)(internal citation omitted; see also El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 558 & n.10 (D.N.J. 2011); and

WHEREAS, "[b]eing a declaration, rather than a treaty, the United Nations Declaration on the Rights of Indigenous Peoples is not a binding instrument even for the purposes of the countries that voted in favor of its adoption."  Marrakush Soc. v. New Jersey State Police, No. 09-2518, 2009 WL 2366132, at *6 (D.N.J. July 30, 2009).  Petitioner's arguments based on the Declaration are without merit; and

WHEREAS, the Court will require the United States to answer the petition's allegations that the conditions at FCI Fort Dix violate Petitioner's right to be protected from cruel and unusual punishment.  Petitioner's claims based on 18 U.S.C. § 3582, the Treaty of Peace and Friendship, and the Declaration on the Rights of Indigenous Peoples are dismissed,

THEREFORE, IT IS on this   18th    day of February, 2021

ORDERED that the Clerk shall serve a copy of the Petition, ECF No. 1, and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the Petition and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that, where the Petition appears to be beyond the jurisdiction of the Court, within twenty-one (21) days of the date this Order is filed, Respondent may file a Motion to Dismiss the Petition on jurisdiction grounds only; and it is further

ORDERED that, if a Motion to Dismiss is filed, Petitioner shall have twenty-one (21) days to file an opposition brief, in which Petitioner may argue any bases for jurisdiction, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that, if Petitioner files an opposition, Respondent shall have ten (10) days to file a reply brief; and it is further

ORDERED that, if the Motion to Dismiss is subsequently denied, the Court will then direct Respondent to file a full and complete answer; and it is further

ORDERED that if Respondent does not file a Motion to Dismiss the Petition, the Respondent shall file a full and complete answer to the petition's allegations that the conditions at FCI Fort Dix violate Petitioner's right to be protected from cruel and unusual punishment within twenty-one (21) days of the entry of this Order; and it is further

ORDERED that Petitioner's claims based on 18 U.S.C. § 3582, the Treaty of Peace and Friendship, and the Declaration on the Rights of Indigenous Peoples are dismissed, 28 U.S.C. § 2254 Rule 4; and it is further

ORDERED that Respondent shall file and serve with the answer certified copies of all documents necessary to resolve Petitioner's claims and affirmative defenses, including but not limited to copies of any administrative remedies filed by Petitioner relevant to the asserted claims; and it is further

ORDERED that within twenty-one (21) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

ORDERED that any request to deviate from this Order to Answer shall be made by motion; and it is further

ORDERED that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is finally

5

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |