UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYAN AARON OSBORNE,

        Petitioner,

        v.

DAVID E. ORTIZ,

        Respondent.

Civil Action
No. 20-20561 (CPO)

OPINION

**O'HEARN, District Judge.**

    Before the Court is Petitioner's motion challenging the jurisdiction of his sentencing court. (ECF No. 55.) Prior to the filing of this motion, the Court had already dismissed this matter as moot. (ECF No. 53.) Petitioner does not specify under what mechanism he wishes to pursue his motion, but the Court will construe the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). For the following reasons, the Court will deny Petitioner's motion for relief from judgment.

## I.    STANDARD OF REVIEW

    "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, at issue in this case is Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for any . . . reason other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom.*, *Wetzel v. Cox*, 135 S. Ct. 1548 (2015).

Rule 60(b) motions are left to the sound discretion of the district court, consistent with accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may only grant a Rule 60(b) motion if a movant shows extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues. *Burns v. Warren*, No.13-1929, 2018 WL 1942516, at *2 (D.N.J. Apr. 25, 2018); *see also Cox*, 757 F.3d at 120.

## II.     DISCUSSION

In his motion, Petitioner challenges the territorial and subject matter jurisdiction of his sentencing court, the United States District Court for the Northern District of Illinois. (ECF No. 55, at 2.) He does not appear to challenge the judgment of this Court as his arguments do not address the claims in his § 2241 Petition or dispute this Court's February 7, 2022, Order, dismissing this matter as moot. (*Id*. at 2–6.) Consequently, the Court will construe the motion as challenging the judgment of his sentencing court, *i.e.*, his criminal judgment.

The Third Circuit has held, however, that "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases." *E.g.*, *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010); *Smith v. United States*, No. 14-1595, 2014 WL 1311408, at *1 (D.N.J. Mar. 27, 2014). "'The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255,' not a motion under Rule 60(b) of the Federal Rules of Civil Procedure." *Smith*, 2014 WL 1311408, at *1 (quoting *Gray*, 385 F. App'x at 162–63).

Indeed, in his motion, Petitioner contends that the Northern District of Illinois lacked jurisdiction to sentence him, a type of claim specifically enumerated under § 2255. *See* 28 U.S.C.

§ 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence."). If Petitioner had intended to file this motion as one under § 2255, such motions may only be filed in one's sentencing court. 28 U.S.C. § 2255(a). Accordingly, the Court will deny Petitioner's motion for relief from judgment under Rule 60(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for relief from judgment. An appropriate Order follows.

DATED: June 7, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**